## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JUSTIN MOORE ET AL.**                          **CIVIL ACTION**

**VERSUS**                                       **NO. 22-5154**

**UNITED PROPERTY & CASUALTY**                   **SECTION: "H"**
**INSURANCE COMPANY**

### ORDER AND REASONS

Before the Court is Intervenor Louisiana Insurance Guaranty Association's ("LIGA") Motion to Intervene and, Upon Intervention, Motion to Dismiss for Failure to Prosecute (Doc. 11). For the following reasons, LIGA's Motion is **GRANTED IN PART**, and this matter is **REMANDED** to the 24th Judicial District Court for the Parish of Jefferson for lack of subject matter jurisdiction.

### BACKGROUND

On October 18, 2022, Plaintiffs Justin Moore and Sidra Moore filed this action against their insurer, Defendant United Property & Casualty Insurance Company ("UPC") in the 24th Judicial District Court for the Parish of Jefferson. Plaintiffs allege that their home was damaged during Hurricane Ida and that UPC denied their insurance claims in bad faith.

On December 8, 2022, UPC removed this action based on this Court's diversity jurisdiction. UPC asserted that at the time of removal, it was a citizen of Florida and that Plaintiffs were citizens of Louisiana.[1] Pursuant to the

---

[1] Doc. 1 at 3–4.

1

Court's Case Management Order, this matter was placed into the Court's Hurricane Ida Streamlined Settlement Program ("SSP"). However, during these proceedings, UPC became insolvent, and the Court permanently stayed this action against UPC in March 2023.[2] On March 10, 2026, LIGA filed the instant Motion seeking to intervene "as statutory successor to the obligations of United Property & Casualty Insurance Company."[3] LIGA also moves to have this action dismissed, arguing that Plaintiffs have failed to prosecute their claims. Plaintiffs did not file an opposition to the instant Motion.

On April 8, 2026, Chief Judge Wendy Vitter issued a General Order, addressing cases that are administratively stayed in the SSP and ordering the plaintiffs to notify the Court as to whether the matter was resolved or whether they intended to proceed. On April 21, 2026, Plaintiffs notified the Court by email that this matter was not resolved and that they wished to have the stay lifted and to proceed against LIGA.

## LAW AND ANALYSIS

### A. Request to Intervene

LIGA moves for leave to intervene pursuant to Federal Rule of Civil Procedure 24(a), which states that

> the court must permit anyone to intervene who . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interests.

LIGA asserts that it has a statutory right to intervene under state law because UPC is an insolvent insurer and LIGA has all the rights, duties, and

---

[2] Doc. 9.

[3] Doc. 11 at 1.

obligations that UPC has in relation to the instant suit. Having reviewed the requirements of Rule 24(a)(2), the Court finds that LIGA has satisfied its burden to intervene as of right in this matter.[4] Accordingly, LIGA's Motion is granted as to its request to intervene.

## B. Subject Matter Jurisdiction

Because LIGA has now been joined in this action, the Court must review subject matter jurisdiction before turning to LIGA's request to dismiss Plaintiffs' claims for failure to prosecute.[5] The Court's jurisdiction over this dispute is premised on diversity of citizenship under 28 U.S.C. § 1332. Cases arising under § 1332 require, *inter alia*, complete diversity of citizenship.[6] As such, the addition of a non-diverse defendant divests the Court of jurisdiction.[7]

Here, Plaintiffs are Louisiana citizens.[8] For the purposes of determining subject matter jurisdiction, LIGA is also a citizen of Louisiana.[9] Thus, LIGA's intervention destroys complete diversity and the Court's subject matter jurisdiction. Accordingly, this matter must be remanded to state Court for

---

[4] The Court notes that LIGA has failed to comply with the requirements of Federal Rule of Civil Procedure 24(c) by failing to accompany its motion with a "pleading that sets out the claim or defense for which intervention is sought." However, "courts excuse[ ] a proposed intervenor's technical non-compliance with the requirement to attach a pleading when the intervenor 'put the parties on notice of his grounds for intervention.'" Arrowhead Cap. Fin., Ltd. v. Royal Alice Props., LLC (*In re* Royal Alice Props., LLC), Case No: 19-12337, Adv. No. 20-1022, at *2 (E.D. La. Jan. 15, 2021) (quoting Liberty Surplus Ins. Cos. V. Slick Willies of Am., No. H-07-0706, 2007 WL 2330294, at *2 (S.D. Tex. Aug. 15, 2007)). Because LIGA's Motion indicates its intent to join this suit as statutory successor to UPC, the Court finds that LIGA's technical non-compliance is excusable under the circumstances.

[5] This Court is duty-bound to examine the basis of subject matter jurisdiction *sua sponte*. Lane v. Halliburton, 529 F.3d 548, 565 (5th Cir. 2008) (citing Union Planters Bank Nat'l Ass'n v. Salih, 369 F.3d 457, 460 (5th Cir. 2004)).

[6] Stiftung v. Plains Mktg., L.P., 603 F.3d 295, 297 (5th Cir. 2010) (citations omitted).

[7] Hensgens v. Deere & Co., 833 F.2d 1179, 1181 (5th Cir. 1987).

[8] Plaintiffs are domiciled in Jefferson Parish. Doc. 1-1 at 2.

[9] Bergeron v. United Prop. and Cas. Ins. Co., No. 22-808, 2024 WL 3175940, at *2 (E.D. La. June 26, 2024) ("[T]his Court has previously taken judicial notice of the fact that LIGA is a Louisiana citizen for diversity purposes.").

further proceedings.[10] As to LIGA's request to dismiss this action for failure to prosecute, LIGA's motion is denied in part for lack of subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that LIGA's Motion (Doc. 11) is **GRANTED IN PART**. LIGA is granted leave to intervene in this proceeding. LIGA's Motion is **DENIED IN PART** for lack of subject matter jurisdiction as to its request to dismiss Plaintiffs' claims for failure to prosecute.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the 24th Judicial District Court for the Parish of Jefferson for further proceedings.

New Orleans, Louisiana this 17th day of June, 2026.

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[10] *See* 28 U.S.C. § 1447(e).